M. L. YEATES, *et al., v.* W. K. MEAD, *et al.*

JUDGMENT. *Assignment by defendant secondarily liable. Satisfaction of record. Innocent purchaser.*

In 1880 A. recovered a judgment which was duly enrolled against G., the maker, and M., the indorser of a bill of exchange. M., the indorser, paid the judgment, and on March 17, 1881, the sheriff indorsed it on the roll as "settled in full." M. made an affidavit, as provided for by statute, that he was only secondarily liable, and then assigned the judgment to Y., who caused an execution to be levied on certain land as the property of G. Thereupon K. filed a bill to enjoin the sale, alleging that on July 14, 1881, G. sold the land to D., who sold to the "D. Co.," which assigned to S., who sold to complainant for a price exceeding the amount of the judgment referred to, and no part of such price has been paid; that complainant before purchasing caused the records to be examined, and finding the judgment marked as above stated bought on the faith that it had been satisfied, and was thus misled. There was no allegation that either D., the "D. Co.," or S. was misled, or that either was a purchaser for value. *Held,* that the bill should have been dismissed; it shows no equity on its face, since it is not shown that complainant or any one through whom he claims was an innocent purchaser for value.

APPEAL from the Chancery Court of Jackson County.

HON. SYLVANUS EVANS, Chancellor.

The case is stated in the opinion of the court.

*T. W. Brame,* for the appellants.

1. The assignment of a judgment carries with it the cause of action, together with all the beneficial interests of the assignor in the judgment and all its incidents. *Freeman on Judgments,* Sec. 431; Code 1880, Sec. 1749.

All the parties are before this court upon their equitable rights, and they are not held to a strict compliance with the statutory provisions, as in a *nisi prius* forum. And had we no statutory provisions as to the relative rights and liabilities of maker, surety, endorser, and assignee of surety or endorser, still equity comes in, recognizes the doctrine of subrogation, and gives an endorser or surety who pays the debt all the rights of the creditor, even though it be a judgment, where the surety never intended that the payment should be a settlement *in toto* of the debt. *Edgerly* v. *Emerson,* 55, Amer. Dec., 207.

In law, as a rule, where there is no statutory provision, a settlement of a judgment by a surety destroys the judgment, but not in equity. *Fleming* v. *Beaver,* 19 Amer. Dec., 629. But where there is a statute, as we have, making provisions for rights or remedies of parties secondarily liable, it does seem there can be no question as to the endorser's remedy, and he cannot be prevented from enforcing this remedy, unless in some way he is estopped. But in this case appellant is not estopped.

2. In view of the fact that appellees are amply protected by reason of being purchasers on a credit, could the chancery court hesitate for a moment in granting them relief and entering a decree for the amount due upon these judgments.

*Horace Bloomfield,* for the appellees.

If for the sake of argument we should admit that Mrs. Yates was entitled to have the executions sued out; yet we cannot conceive by what course of reasoning appellants conclude the land described in the bill of complaint could be subjected to said executions, for the law is clear, " that when an execution has been returned satisfied," but the return is afterwards set aside because improper, the lien of the judgment is so far sus-

pended during the time the entry remains unannuled as to protect a purchaser from the debt in execution. 5 Cushm. p. 442. Geo. Digest, p. 260, sec. 48. These judgments were unquestionably and irrevocably satisfied.   See Freeman on Executions, sec. 444.

COOPER, C. J., delivered the opinion of the Court.

In November, 1880, John I. Adams & Co. recovered a judgment in the circuit court of Jackson County against G. M. & M. A. Dees for the sum of $119.71, which was duly enrolled. Execution was issued thereon in December, 1880, and the same was paid by defendant, M. A. Dees. On March 17, 1881, the sheriff returned the execution as " settled in full," and this return was endorsed on the judgment roll. In May, 1881, Adams & Co. recovered another judgment against the same defendants for $230, which was also enrolled. On this judgment an execution was issued June 2, and was returned November 15, 1881, endorsed by the sheriff " settled in full." This endorsement was also copied on the judgment roll. These two judgments were rendered on bills of exchange drawn by G. M. Dees in favor of M. A. Dees, and M. A. Dees was sued and judgment rendered against him as endorser. Both judgments were paid by M. A. Dees, the endorser, and he having made affidavits of the fact that he was only secondarily liable, as provided by sections 998 and 1140 of the Code, assigned the judgments to the appellants, who caused executions to be issued under them, and levied on the property described in complainants' bill. By the terms of the sections of the Code, where judgment has been rendered against principal and surety, or against two, one of whom is liable over to the other, payment by the surety or person secondarily liable, does not extinguish the judgment, but operates as a transfer of it to the party by whom it is paid as against the person liable over to him. The lands in controversy were owned by G. M. Dees, the party primarily liable to these two judgments, at the time the judgments were rendered and enrolled. The appellees exhibited their bill to enjoin a sale of the lands levied on, of which they are now the owners. Their title as charged and proved is derived as follows:  On July 14, 1881, G. M. Dees sold the land to A.

C. Danner & Co., who, on August 1, 1883, sold it to the Danner Land and Lumber Company, which company on October 3, 1884, made an assignment for the benefit of creditors to one Strong, assignee, and Strong, assignee, on April 27, 1886, sold the same to complainants for the sum of $1300, no part of which has yet been paid.

Complainants charged that before purchasing the lands they caused the record to be examined, and finding that the judgments now sought to be enforced had been entered satisfied of record, they bought upon the faith of such being the truth. Their contention is that it was the duty of M. A. Dees to have had such entries made upon the record as would have shown the fact that payment had been made by him, by reason of which the judgments were not extinguished, and that having failed so to do he cannot now, nor can his assignee, enforce their payment against innocent purchasers.

Without deciding whether this position is or is not well taken, it is manifest that on the pleadings and proof exhibited by the record complainants are not entitled to relief. There is no allegation in the bill that A. C. Danner & Co., or the Danner Land and Lumber Company, or Strong, its assignee, were misled by the record of the satisfaction of the judgment. There is no allegation that either of them was a purchaser for value. The sole averment is that complainants were misled by the record. But since it is affirmatively shown that there is yet due and unpaid more of the purchase money than sufficient to satisfy both judgments, the complainants cannot be injured since they may pay the judgments and recoup the sum paid from the purchase price. If, as a matter of fact, they are not innocent purchasers for value, but claim under one who was, this fact should have been averred as the foundation of their right. So far as the record shows neither the complainants nor any one under whom they claim are innocent purchasers who have been misled by the record. For this reason there is no equity on the face of the bill, and the injunction should have been dissolved and bill dismissed. The decree must be reversed, injunction dissolved and bill dismissed.